Judge: Timothy W. Dore
Chapter: 13
Hearing Date: August 07, 2019
Hearing Time: 9:30 am
Hearing Location: U.S. Bankruptcy Court
                                700 Stewart St #8106
                                Seattle,WA 98101

Response Date: July 31, 2019

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

CASEY LYNN PIRIE,

                Debtor.

IN CHAPTER 13 PROCEEDING
NO. 19-11580

NOTICE OF TRUSTEE'S MOTION TO DISMISS CASE AND HEARING

PLEASE TAKE NOTICE that the Chapter 13 Trustee's Motion to Dismiss Case IS SET FOR HEARING as follows:

        Judge: Timothy W. Dore

        Place: U.S. Bankruptcy Court
                     700 Stewart St #8106
                     Seattle,WA 98101

        Date: August 07, 2019
        Time: 9:30 am

IF YOU OPPOSE the motion, you must file your written response with the Court Clerk NOT LATER THAN THE RESPONSE DATE, which is July 31, 2019.

    IF NO RESPONSE IS TIMELY FILED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

Date: July 02, 2019

*/s/Jason Wilson-Aguilar*
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Trustee

NOTICE OF TRUSTEE'S MOTION TO DISMISS CASE AND HEARING

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle,WA 98101
(206) 624-5124

CM160
EAJ

Judge: Timothy W. Dore
Chapter: 13
Hearing Date: August 07, 2019
Hearing Time: 9:30 am
Hearing Location: U.S. Bankruptcy Court
700 Stewart St #8106
Seattle, WA 98101

Response Date: July 31, 2019

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

CASEY LYNN PIRIE,

Debtor.

IN CHAPTER 13 PROCEEDING
NO. 19-11580

TRUSTEE'S MOTION TO DISMISS CASE

The Trustee moves to dismiss this case pursuant to 11 U.S.C. § 1307(c):

The debtor filed a plan on April 29, 2019 (ECF No. 2).

The debtor filed this case April 29, 2019 (ECF No. 1). (1) The debtor listed a Chase Bank account valued at $500 on Schedule A/B (ECF No. 1). She claimed the maximum allowed exemption of $500 for a bank account under RCW 6.15.010(d)(ii) on Schedule C (ECF No. 1). Based on the statement the debtor provided to the Trustee, it appears the actual value of the Chase Bank account on the petition date was $1,819.08. The debtor should amend Schedule A/B to disclose the actual bank account balance as of the date of filing. (2) The plan provides in Section IX that the liquidation value of the estate is $0. However, based on the actual balance in the Chase Bank account on the petition date, the liquidation value of the estate is $1,134.40. The debtor should amend her plan to provide at least this figure in Section IX, as she must account for all unexempt equity in this section. 11 U.S.C. § 1325(a)(4). (3) The plan provides that the debtor is surrendering her interest in a 2018 Nissan Frontier to Nissan Motor Acceptance and her interest in a 2012 Rpod to Harborstone Credit Union. The debtor testified at the 341 meeting of creditors that her partner is the primary borrower on both of the associated loans, and that the debtor co-signed the loans. Harborstone Credit Union has not yet filed a proof of claim, but the claim filed by Nissan Motor

TRUSTEE'S MOTION TO DISMISS CASE - 1

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

CM160
EAJ

Acceptance lists the debtor as the co-borrower and one of the owners of the 2018 Nissan Frontier (ECF Claim No. 2). The debtor further testified at the 341 meeting of creditors that she does not intend to physically surrender the vehicle and trailer to these creditors, and that she and her partner intend that direct payments will continue to be made to those lenders. The debtor needs to amend the plan to pay the 2018 Nissan Frontier and the 2012 Rpod through the plan and increase the plan payment as necessary for feasibility; the Trustee shall make the vehicle and trailer payments from the debtor's plan payments. Local Bankr. R. 3015-1(j). "Bankruptcy courts may require that payments be made through the plan based on specific factors or reasons such as administrative efficiency, tracking of payments, fairness and treatment of creditors, and the determination that there is a reduction of plan failure when all payments are made through the plan." Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 690 (B.A.P. 9th Cir. 2010) (citations omitted). Subsequent to the Bankruptcy Appellate Panel's Giesbrecht decision, the Bankruptcy Court of this District implemented a local rule making the default position that the Trustee will make all payments to creditors with some exceptions not relevant here. Local Bankr. R. 3015-1(j). Unless there is some justified exception, all payments must be made by the Trustee except domestic support obligations made by an assignment from debtors' wages, leases of real and personal property and deeds of trust/mortgages that are current as of the petition date. The reasons for this local rule are many. A debtor's plan "shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." 11 U.S.C. § 1322(a)(1). The Trustee's duties include monitoring a debtor's performance under the plan. U.S.C. §§ 1302(b)(1), 1307(c). Payment of claims by the Trustee is necessary for many reasons, including administrative efficiency, monitoring of payments, fairness and treatment of creditors, reduction of plan failure and provision of an independent accounting in the event of a dispute between the debtor and a creditor. In re Genereux, 137 B.R. 411 (Bankr. W.D. Wa. 1992) (enumerating various factors). (4) The Trustee reserves the right to assert additional bases for this Motion. If the debtor fails to address the issues raised in the Trustee's Motion and Objection, the case should be dismissed.

TRUSTEE'S MOTION TO DISMISS CASE - 2

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

THE TRUSTEE REQUESTS that the Court dismiss this case.

Dated: July 02, 2019

/s/ Jason Wilson-Aguilar
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>CASEY LYNN PIRIE,<br><br>                        Debtor. | IN CHAPTER 13 PROCEEDING<br>NO. 19-11580<br><br>*Proposed*<br>ORDER DISMISSING CASE |

THIS MATTER having come before the Court on the Chapter 13 Trustee's Motion to Dismiss Case, and the Court having reviewed and considered the motion, records and files in this case, it is

ORDERED that this case is dismissed.

/ / /End of Order/ / /

Presented by:

*/s/Jason Wilson-Aguilar*
Jason Wilson-Aguilar, WSBA #33582
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

CM160
EAJ

ORDER DISMISSING CASE

Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124