**SHAPIRO & SUTHERLAND, LLC**
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253
S&S No. 17-122063

Honorable Timothy W. Dore
Hearing Date: August 7, 2019
Hearing Time: 9:30 AM
Chapter 13

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

In Re:

Casey Lynn Pirie

Debtor(s)

Case No. 19-11580-TWD

**RESPONSE TO MOTION TO DISALLOW NATIONSTAR MORTGAGE LLC d/b/a/ MR. COOPER'S CLAIM**

COMES NOW Nationstar Mortgage LLC d/b/a Mr. Cooper ("Creditor"), by and through its attorney, Kelly Sutherland, and hereby lodges this response to the Debtor's Motion to Disallow the Creditor's Claim No. 7-1 ("Motion").

## BACKGROUND

Creditor filed a Proof of Claim on June 21, 2019 ("Claim"). Debtor asserts that in Part 2(9) of the Claim, Creditor erroneously lists estimated future escrow payments as amounts necessary to cure any defaults. In particular, the Debtor asserts that exhibits attached to the Claim show future advancements, namely a tax disbursement for October 2019 and one for April 2020 under "Total Escrow Funds Advanced."

In the Claim, under part 2(9) of the official form 410, the Creditor listed the amount necessary to cure any default as $3,581.63. Under part 3 of the official form 410(A), the Creditor listed the pre-petition arrears owed to the Creditor as $3,159.69 in Escrow deficiency for funds advanced and $421.94 for Projected escrow shortage. The total amount of the pre-petition arrears owed to Creditor is therefore $3,581.63.

Creditor believes that the amount of the pre-petition arrears that is listed in part 2(9) of form 410, as well as the breakdown of such arrears in part 3 of form 410(A), are correct as explained below.

**DISCUSSION**

Creditor listed $3,159.69 in Escrow deficiency for funds advanced. This amount is based on the Annual Escrow Account Disclosure Statement attached to the Claim ("Escrow Statement"). Said statement shows under the heading "Escrow Account Transactions Prior to Bankruptcy Filing" that all funds used to calculate that amount were disbursed on or before April 18, 2019. Debtor's allegation as to the inclusion of future payments may be based on the Escrow Balance Projections contained within that statement under that heading. Those projections show a projected disbursal of $1,102.18 and $938.52 in October 2019 and April 2020 respectively. However, those amounts are not included in the column titled "Total Servicer Advances" under the header "Escrow Account Transactions Prior to Bankruptcy Filing."

To the extent the Debtor or the Court has questions as to why there was a large escrow deficiency and how the escrow shortage was calculated, Creditor provides the following information.

**Escrow deficiency for funds advanced:**

In the Escrow Statement attached as exhibit to the Claim, starting on the bottom of the first page, under the header "Escrow Account Transaction prior to Bankruptcy filing", the Creditor details receipts and advances on behalf of the Debtor, and the resulting escrow account balance between April 21, 2015 and April 18, 2019.

As of April 16, 2019, the Debtor's escrow account balance was a positive balance in the amount of $481.23.

However, on or about March 7, 2019, The Village at Redondo Owners Association ("Debtor's HOA") initiated a foreclosure action against the Debtor in the Superior Court of King County (case no. 19-2-06418-8 KNT). The Debtor's HOA also named the Creditor as a defendant. A foreclosure by the Debtor's HOA would have resulted in the loss of Creditor's security.

In order to protect its interest in the property, the Creditor disbursed funds in the amount of $3,640.92 to cover for the Debtor's delinquency with the HOA. On April 18, 2019, and prior to bankruptcy filing, Creditor advanced the amount of $3,159.69 out of its own pocket in addition to the existing escrow balance of $481.23. This depleted Debtor's escrow account.

This amount of $3,159.69 is the exact amount the Creditor has listed in the Escrow deficiency for funds advanced portion in part 3 of form 410(A).

**Projected Escrow Shortage:**

In the Instructions for Mortgage Proof of Claim Attachment issued by the United States Bankruptcy Court (12/15) it is stated that "[…] The projected escrow shortage is the amount the claimant asserts should exist in the escrow account as of the petition date, less the amount actually held". It further states that "This calculation should result in the amount necessary to cure any prepetition default on the note or mortgage that arises from the failure of the borrower to satisfy the amounts required under the Real Estate Settlement Practices Act (RESPA). The amount necessary to cure should include 1/6 of the anticipated annual charges against the escrow account or 2 months of the monthly pro rata installments due by the borrower as calculated under RESPA guidelines".

The Creditor will show, step-by-step, how it reached the amount of $421.94 as the projected escrow shortage, as stated in the instructions above and the Escrow Statement that was attached as exhibit to the Claim:

1. In the Escrow Statement, in the middle of the first page, under the header of "Escrow Balance Projection", the Creditor details the monthly escrow deposit over the next escrow cycle as $170.06, and since the RESPA mandated cushion is 2 months of monthly pro-rata escrow installments, the minimum balance for the escrow account per RESPA guidelines must be $340.12 (calculated as $170.06 x 2 months). The amount of $340.12 is the lowest balance Debtor's escrow account is allowed to reach during the next escrow cycle.

2. The Creditor then details the projected tax disbursements for the next escrow cycle that are due for October 2019 and April 2020 in the amounts of $1,102.18 and $938.52 respectively. These disbursements were not paid as of the date of bankruptcy filing, however they will have to be paid from the debtor's escrow account nonetheless, and the Creditor is required by federal guidelines to make sure the Debtor's escrow account is set up properly to cover such disbursements. In order to make sure the Debtor's escrow account has sufficient fuds in it *at the time of the bankruptcy filing*, and based on the RESPA guidelines, the Creditor is required to make the following calculation:

3. Creditor has calculated that come October 2019, Debtor's escrow account will be short $81.82. This has been calculated by adding the monthly pro-rata escrow installments in the amount of $170.06 from May 2019 through October 2019 which will total in $1,020.36 (calculated as $170.06 x 6 months). This amount is not enough to cover the projected tax disbursement of $1,102.18 and will result in a negative balance of $81.82 (calculated as $1,020.36 - $1,102.18). Such negative balance violates RESPA guidelines as previously mentioned.

///

///

4. In order to maintain the required minimum balance of $340.12 for the escrow account per RESPA guidelines, the Creditor is required to add the amount of $421.94 to the negative balance of $81.82 in order to accurately capture the correct amount that is needed to be in the debtor's escrow account.

5. The calculation used to capture the projected escrow shortage is as follows:

| | |
|---|---:|
| RESPA required minimum balance | $340.12 |
| Projected 2019 Tax Disbursement | +$1,102.18 |
| Escrow Balance when tax is due | -$1,020.36 |
| **Projected Escrow Shortage** | **$421.94** |

Lastly, it is worth mentioning that while the use of the word "projected" can be misleading when discussing default that occurred prior to the bankruptcy filing, the element of "projected escrow shortage" is nonetheless a part of the pre-petition arrearage portion of the official Bankruptcy Court form, which means that it is intended to be used for calculating a projected future disbursements even if those were not done prior to the bankruptcy filing.

## **CONCLUSION**

WHEREFORE, Nationstar Mortgage LLC d/b/a Mr. Cooper respectfully requests this Court to deny the Debtor's Motion and rule that Claim 7-1 is allowed.

Dated this 25th day of July, 2019

/s/ Kelly Sutherland
Kelly Sutherland, WSBA # 21889
Attorney for Nationstar Mortgage LLC d/b/a Mr. Cooper

**SHAPIRO & SUTHERLAND, LLC**
1499 SE Tech Center Place, Suite 255
Vancouver, WA 98683
Telephone: (360) 260-2253
S&S No. 17-122063

# UNITED STATES BANKRUPTCY COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 19-11580-TWD |
|---|---|
| Casey Lynn Pirie | **CERTIFICATE OF MAILING** |
| Debtor(s). | |

I hereby certify under penalty of perjury under the laws of the State of Washington that I mailed a true and correct copy of the Response to Motion to Disallow Nationstar Mortgage LLC d/b/a Mr. Cooper's Claim, postage pre-paid, regular first-class mail, on the 25th day of July, 2019, to the parties listed below.

DATED this 25th day of July, 2019.

/s/ Jenni Tkachenko
Jenni Tkachenko
Legal Assistant

Casey Lynn Pirie
1839 S 286th Lane S #104
Federal Way, WA 98003

**Via ECF Notice only:**
Ellen Ann Brown
Brown & Seelye PLLC
744 S Fawcett Ave
Tacoma, WA 98402

Jason Wilson-Aguilar
600 University St #1300
Seattle, WA 98101